## WILLACY COUNTY v. TURNER.
### No. 8627.

Court of Civil Appeals of Texas. San Antonio.
June 10, 1931.

Rehearing Denied July 8, 1931.

A. B. Crane and R. F. Robinson, both of Raymondville, for appellant.

Jesse G. Foster and W. J. Gerron, both of Raymondville, for appellee.

SMITH, J.

In 1924 one A. F. Lee was duly appointed attorney to represent 217 nonresidents in suits for taxes prosecuted against them in the criminal district court of, Willacy county. The trial judge fixed Lee's fee at $3 in each of said suits, aggregating $651. The then

sheriff of Willacy county, Joe Turner, collected said fees, but did not turn them over to Lee, apparently because of his absence and his failure to make demand for them. When Turner went out of office in 1926, he passed said fees on to his successor in office, R. H. Teller, and the latter in turn paid them over to his successor, L. D. Snow, in 1928. In December, 1928, the commissioners' court of Willacy county ordered Sheriff Snow to pay over said fees to the county treasurer, to be placed by the latter in the county road and bridge fund. This was promptly done.

In October, 1929, the said A. F. Lee assigned his interest in said fund to Mrs. Joe Turner, who paid him $100 therefor. Mrs. Turner filed her claim with the commissioners' court, and, upon the latter's rejection of it, brought this suit thereon against the county, in November, 1930. From a judgment in favor of Mrs. Turner for the amount of the claim, Willacy county has appealed.

Appellant pleaded the two and four year statutes of limitations as defenses to appellee's suit, to which appellee replied that the fund in question was a trust fund, and that limitations did not begin to run against the claim therefor until that claim was repudiated by the commissioners' court's rejection thereof.

■ The fund was collected by the sheriff, in virtue of his office, for the use of its true owner, Lee, and it was held for the latter's benefit by the sheriff, who had no claim upon the fund, and at no time asserted any. On the contrary, he at all times recognized Lee's title, and held the fund only for the purpose of delivering it to Lee upon his request therefor. Accordingly, the sheriff's possession was in no sense adverse to Lee's title, but was rather in recognition of it. The sheriff was merely and only a trustee for Lee, and limitations did not run against the latter's claim, at least under the general statutes of limitations.

■■ It is provided in article 104, Penal Code, that "each county and precinct officer who shall in his official capacity collect or receive any money or fees belonging to another person, shall inform such person of the collection of such money or fees, and promptly pay the same over on demand to the one entitled thereto, taking receipt therefor, which shall be entered or noted in his fee book."

It is provided in article 106, that "each officer collecting or having the custody of any money or fees embraced within the provisions of this law at the expiration of four years from the time of collecting or receiving such money or fees, in all cases where the same have not been paid over to the person entitled thereto, shall pay the same to the county treasurer of his county, * * * and said money or fees shall be by him [county treas-urer] placed to the credit of the road and bridge fund. * * * Any officer upon retiring from office having any money or fees in his hands embraced within these provisions and which are not due to be turned over to the treasurer as herein provided, shall turn the same over to his successor in office, * * * and his successor shall report and pay over the same to the county treasurer in accordance with the provisions hereof."

It is obvious that these provisions apply to the fees in question, and that those were collected, held four years by the sheriffs, paid over to the treasurer, and passed to the county road and bridge fund, in accordance with those provisions. The only question for decision, then, is whether by this process the ownership of the fund remained in Lee or passed to the county.

We have held in the foregoing that, under the general statutes, limitations did not run against Lee's claim in favor of the sheriff. But we are of the opinion that the provisions of articles 104 and 106, Penal Code, quoted above, have the effect of a special statute of limitation, whereby the sheriff collecting such fees, and his successors in office, shall hold the same for a period of four years, during which the true owner may lawfully claim them, but that, if he fail to assert his claim within that period, the fund shall go into the road and bridge fund and become the property of the county, with and by reason of which allocation the owner's claim becomes barred. It will be assumed that, if the Legislature had intended that the fund should be paid into the county treasury in trust for the owner, it would have so provided. The provision that the sheriff hold the fund for a period of four years, and pay it over to the owner upon his demand within that period, was in effect a declaration that the sheriff so hold it in trust for the person originally entitled to it. But the provision that at the end of that period the fund be paid into the county treasury was absolute and without any qualification that it be so paid in trust for the owner, and this omission must be given some significance. It seems reasonable to ascribe to the Legislature an intention to declare the fund to be the property of the county after it has gone through the process prescribed in the statute. There is nothing unreasonable about this process. It gives the claimant four years in which to assert his claim, which is clearly a reasonable limitation, especially when compared with the general statutes of limitation. The claimant cannot complain, for he was charged with notice of the provisions of the statute. And especially is this true of his assignee, who, apparently with full knowledge, purchased the claim after the lapse of four years, and after the fund had been paid into the county treasury.

The judgment is reversed, and judgment is here rendered that appellee take nothing, and pay all costs of the litigation.

COBBS, J.

I do not concur.

On Motion for Rehearing.

SMITH, J.

█ Appellee insists that Lee was a private individual as distinguished from a public official, and that articles 104 and 106, Penal Code, relate only to the latter class. Lee, however, was an officer of the court by virtue of his appointment as attorney ad litem, and the fees accruing to him by reason of his services as such officer become his fees of office, collectible as costs by the sheriff, and clearly encompassed by the provisions of articles 104 and 106.

The order of the criminal district court directing Sheriff Joe Turner, husband of appellee. to turn over said fund to his successor in his office, and the order of the county commissioners directing the sheriff to pay the fund into the county treasury to be credited to the road and bridge fund, were unnecessary and futile gestures, since the statute expressly provided that the fund take that very course.

Those are public statutes, and appellee, as all persons are, was charged with notice of their provisions.

Appellee's motion for rehearing is overruled.